## UNDERWOOD *against* MORGAN.

THIS was an action of *assumpsit*. The declaration contained, besides the usual money counts, a special count on the following written agreement :

" Received, *Lansingburgh*, 21st of *August*, 1809, of *John Underwood*, fifty dollars in cash, and his bond for 150 dollars, which, when paid, is to be in full of three judgments, in my favour, against *Samuel Garlick*, formerly of *New Haven*, in the state of *Vermont*, an absconding debtor, and *Seth Garlick*, as trustee to the said *Samuel*, for the sum of 271 dollars and 22 cents, with interest; which said judgments are to be assigned over to the said *Underwood*, by my attorney, *Daniel Chipman*, of *Vermont*, in a legal manner, *so as to enable him to obtain judgments againt the said Seth*, as trustee to the said *Samuel*, and, *when obtained*, said judgment is to be collected at the risk and expense of the said *Underwood. Jonas Morgan*." The defendant pleaded the general issue. The cause was tried at the *Albany* circuit, in *April* last, before Mr. Justice *Spencer*.

Suits were brought in this state by the plaintiff, in the name of the defendant, on the judgments obtained by the defendant in *Vermont*, as mentioned in the above agreement; but as those actions could not be maintained in the courts of this state, the plaintiff failed in the suits.

The defendant had received payment of the bond, and of the whole sum of 200 dollars, mentioned in his agreement.

At the trial, the plaintiff produced the records of the judgment obtained in *Vermont*, and, also, exemplifications of the judgments in the actions brought thereon in this state, in the name of the defendant; and it appeared that the ground on which the court in this state gave judgment for the defendant, *Garlick*, was, that the *notice*, on which the suits in *Vermont* proceeded, and judgments were obtained, was served on *Garlick* in this state.*

The plaintiff and defendant both resided in this state at the time the written agreement was made.

A., for the sum of 200 dollars, agreed to assign over to B. certain judgments, obtained by A. against G., in *Vermont*, " so as to enable B. to obtain judgment against G., and, when obtained, the judgment was to be collected at the risk and expense of B." Suits having been brought in this state by B., in the name of A., against G., on the judgments in *Vermont*, in which he failed to recover, he bro't an action against A. to recover back the money he had paid; and it was held that the agreement did not stipulate that a judgment should be recovered in this state on the judgments in *Vermont*; nor was there any implied warranty on the part of A., and it not appearing but that the judgments in *Vermont* were valid, and might be recovered there, though not in this state, there was no breach of the agreement, or failure of consideration, so as to entitle the plaintiff to recover.
* See *Fenton* v. *Garlick*, (8 *Johns. Rep.* 194.)

The judge nonsuited the plaintiff; and a motion was made to set aside the nonsuit, and for a new trial.

*H. Bleecker*, for the plaintiff. The principal question is, what is the true construction of the agreement made by the defendant? We contend that the defendant undertook, by that agreement, that the plaintiff should be enabled to recover judgment against *Garlick*, the trustee, in this state, and that after such judgment was obtained here, then the ability of *Garlick* to pay was to be at the risk of the plaintiff. The agreement is not to be restricted to a mere assignment of the judgments in *Vermont*. The stipulation is, that the assignment shall be so effectual, that the assignee shall be able to recover judgment. It was not that the defendant should assign a mere right to sue in his name. The manner of the assignment is of no consequence; nor is it any objection that the plaintiff paid less than the amount of the judgments to be assigned, for he was to be put to expense and trouble in prosecuting the suit to a recovery. The only question is, whether the judgments have been assigned, with the effect to enable the plaintiff to recover a judgment in this state.

Again, is not the defendant bound to refund to the plaintiff the money he has received? Where a person assigns a *chose in action*, on which the assignee is not able to recover the money, is he not bound to refund the consideration money?

The essence of the contract is, that the assignor transfers the sum of money of which the bond, or note, or contract, is the evidence. There is an implied contract, on the part of the assignor, that the assignee shall receive the sum of money, so assigned, and that the debt or sum of money is really due and owing.

On this principle, where a person sells goods, and receives the note of a third person in payment, if the note is not paid, the consideration fails, and the vendor may resort to the original contract of sale, and recover the amount. Wherever the consideration fails, the person who receives my money is bound, *ex equo et bono*, to refund it.

If the assignor has, in truth, no interest in the money or thing assigned, or it has been paid by the debtor to the agent of the assignor, without his knowledge, the assignee may recover back the money he has paid. In all sales of personal property, there is an implied warranty as to the *title* of the vendor. An

assignee does not purchase a mere piece of paper, of no intrinsic value, but a debt or sum of money, of which that paper is the evidence.

As between the endorser and endorsee of a promissory note, at common law, it is the bare assignment of a *chose in action.* Before the statute of *Anne*, the action was not founded on the note itself, but on the contract arising from the transfer of the note. And where a note is sold and transferred by delivery, without endorsement, the vendor is liable to refund the money, in case the note is not paid.*

NEW YORK,
October, 1814.

UNDERWOOD
v.
MORGAN.

* 1 *Ld. Raym.*
443.    *Kyd on
Bills,* 90. 169.

*Wallbridge*, contra. It is not expressed in the agreement that the judgments are to be so assigned that the plaintiff could recover judgments thereon *in this state.* Could he not recover judgment against *Samuel Garlick* in *Vermont?* It is a matter of inference only that the plaintiff was to be able to recover his money here. There is nothing of the kind in the contract itself. The plaintiff may go into *Vermont* and recover his money there. The words " when obtained" refer to the assignment to be made to the plaintiff, not to the judgment to be obtained by him afterwards. The true construction of the agreement is, that the judgment is to be obtained at the risk and expense of the plaintiff.

Again, if the plaintiff is to recover back the money he has paid, it must be on the ground that the consideration has failed. There is no evidence of that fact. The judgments in *Vermont* were the things assigned. Those judgments are in full force and virtue in the state of *Vermont.* It is not pretended that the debtor has paid the amount to the defendant or his agent; no fraud or deceit is alleged. How, then, can it be said there is a failure of consideration, as long as the judgments in *Vermont* remain valid and unsatisfied. [He was stopped by the court.]

*Bleecker*, in reply, said, the fact that all the parties resided in this state, clearly showed that they must have intended that the plaintiff was to recover a judgment here, on the judgments in *Vermont*, which the defendant was to assign to him.

If the judgments were of that nature that they could not sustain an action here, the defendant must have known it, and he ought to have informed the plaintiff of the nature of the judgments assigned.

THOMPSON, Ch. J. delivered the opinion of the court. The motion to set aside the nonsuit in this case must be denied. There has been no violation of the special agreement upon which the action is brought, when construed according to its true import, and its legal effect and operation. It was proved by the plaintiff, that the judgments assigned by the defendant to him, were obtained in the state of *Vermont*. Although the judgments were void in this state, so that no action could be maintained upon them here, that was no breach of the stipulation in the assignment. Nothing appears showing that the judgments were not good in the state of *Vermont*, or that the plaintiff could not maintain an action upon them there; and no part of the assignment will warrant the conclusion, that the defendant stipulated that an action could be sustained upon the judgments in this state.

There is certainly no express warranty of these judgments, and any implied warranty is rebutted by the very terms of the assignment; for the plaintiff took them at his own risk. This was obviously the intention of the parties, as appears both by the terms of the assignment, and the consideration paid, which was much less than the face of the judgment. If the defendant, by the assignment, had stipulated that the plaintiff should be enabled to obtain judgment in this state upon the *Vermont* judgments, there would then have been weight in the argument of the plaintiff's counsel. But this stipulation is not to be found in the assignment, nor does the case furnish any facts warranting the conclusion that such was the intention of the parties, admitting it would have been competent evidence.

Motion denied.